**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JODY SIMMONS, | |
|      **Plaintiff,** | |
| v. | Case No. 3:24-cv-01724-NJR |
| COULD NINE HOSPITALITY GROUP, | |
|      **Defendant,** | |
| v. | |
| HEARTLAND BANK AND TRUST COMPANY (f/k/a TOWN AND COUNTRY BANK), | |
|      **Garnishee.** | |

## WRIT OF EXECUTION

**ROSENSTENGEL, District Judge:**

On January 27, 2026, the Court issued a default judgment in favor of Plaintiff Jody Simmons in the amount of $48,681.47. (Doc. 16). On February 13, 2026, the Clerk's Office issued a writ of garnishment to Garnishee Heartland Bank and Trust (f/k/a Town and Country Bank) (hereinafter "Heartland Bank"), directing it to answer certain Garnishee Interrogatories. (Doc. 21). On April 6, 2026, Heartland Bank responded to the Garnishee Interrogatories, stating that it had in its possession $4,126.18 belonging to Defendant Cloud Nine Hospitality Group (the "Funds"). (Doc. 24).

On April 30, 2026, Plaintiff filed a motion for judgment against Heartland Bank so that he may collect the Funds to partially satisfy the judgment. (Doc. 25). Neither Defendant nor Heartland Bank claim any right of setoff against the Funds. (*Id.*).

Page 1 of 2

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[a] money judgment is enforced by a writ of execution." "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." *Id.* "In Illinois, 735 ILCS 5/2–1402 and Illinois Supreme Court Rule 277 govern supplemental proceedings. Supplementary proceedings are post-judgment processes that support the judgment creditor in asset discovery and final satisfaction of judgment." *Dexia Credit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010). Section 2-1402 "gives the court broad powers to compel the application of discovered assets or income in order to satisfy a judgment." *Dowling v. Chicago Options Assocs., Inc.*, 847 N.E.2d 741, 746 (Ill. App. Ct. 2006).

Here, the Court is satisfied that Plaintiff has followed the appropriate steps under Illinois law to discover assets belonging to Defendant. Accordingly, the Court finds it appropriate that the Funds be turned over to Plaintiff so that they may be applied against the judgment entered in this case.

**IT IS THEREFORE ORDERED** that Heartland Bank pay **$4,126.18** plus any accrued interest as of the date of this Order to Plaintiff Jody Simmons's attorneys.

Plaintiff **SHALL** provide a copy of this Order to Heartland Bank.

**IT IS SO ORDERED.**

**DATED: June 2, 2026**

_____

**NANCY J. ROSENSTENGEL**
**United States District Judge**