IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JODY SIMMONS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLOUD NINE HOSPITALITY GROUP,**<br><br>**Defendants.** | **Case No. 3:24-CV-01724-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendant Cloud 9 Hospitality Group's ("Cloud 9") Motion to Set Aside Default (Doc. 32),[1] which is opposed by Plaintiff Jody Simmons. (Doc. 34). For the reasons set out below, Cloud 9's motion is denied.

## BACKGROUND

On July 17, 2024, Simmons filed a Complaint (Doc. 1) alleging race-based employment discrimination. Shortly thereafter, Cloud 9 employee Donna Mink was served with the summons and complaint; however, Cloud 9 never filed an appearance.

On January 27, 2026, this Court granted Simmons a default judgment (Doc. 16) and, on May 1, it entered an order for garnishment of $4,126 against Cloud 9. (Doc. 26).

On June 16, Simmons moved for a Writ of Garnishment (Doc. 29) and—finally—Cloud 9 took action. Its counsel appeared on July 2 and, four days later, submitted this motion to set aside the default. (Doc. 32).

[1] Defendant states that its correct name is "Cloud 9." (Doc. 32, p. 1).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment" for reasons including "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). A party seeking relief from a default judgment under Rule 60(b) must show: "(1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (cleaned up).

## DISCUSSION

### I. Good Cause

Cloud 9 argues that it had good cause for its "excusable neglect" because service of process was improperly made on Donna Mink, a housekeeping employee. (Doc. 32, pp. 1-2).

Illinois law states that: "[a] private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 Ill. Comp. Stat. 5/2-204. In explaining who falls under the umbrella of "agent of the corporation," Illinois courts have clarified that "employment and agency generally are not considered identical." *Dei v. Tumara Food Mart, Inc.*, 406 Ill. App. 3d 856, 863-865 (Ill. App. Ct. 2010) (*quoting Island Terrace Apts. v. Keystone Serv. Co.*, 35 Ill. App. 3d 95, 98-99 (Ill. App. Ct. 1975)). An agent for purposes of service is (1) someone who has been "designated as an agent" or (2) an employee who "understand[s] the import of the service

of summons [and] his duty to deliver it to his employer." *Id*. at 865. Service to an employee otherwise is improper.

Turning to the present case, Cloud 9 argues that Mink was not someone "designated as an agent" of the corporation. (Doc. 32, pp. 1-2); *Dei*, 406 Ill. App. 3d at 865. However, it has failed to address the crucial question of whether she understood the "import of the service of summons" and her "duty to deliver" it to her employer. *Id*. And while Cloud 9 baldly asserts that Mink failed to pass on the documents to her employer, it has not brought so much as an affidavit in support. (Doc. 32, pp. 1-2). When a party seeks for default judgment to be set aside, it bears the burden to make the requisite showings. *Jones*, 39 F.3d at 162 ("[T]he Rule 60(b)(1) standard . . . squarely places the burden on the moving party to [make the required] show[ing]."). Cloud 9 has not met this burden; it has failed to show that service on Mink was improper such that Cloud 9 had good cause for neglecting the litigation.

Perhaps even more damning to Cloud 9's assertion of "excusable neglect" is the following incident: on June 23, 2026, Cloud 9's owner called Simmons's counsel. (Doc. 34-4, p. 2). During the phone call, the owner admitted that he had "previously received 'one thing' in the mail regarding Plaintiff and/or this matter but believed that it had 'went away' and no further action was required." (*Id*.). While it is unclear what Cloud 9 received or when it received it, what is apparent is that Cloud 9 had notice of the litigation at an earlier date but failed to take any reasonable steps to address it. While the Court is sympathetic to the frustration of being sued, a defendant cannot avoid litigation by

sticking its head in the sand and wishing its woes away. That is pure neglect, not excusable neglect.

Because Cloud 9 has failed to make the appropriate showing for good cause, the Court need not consider the remaining two prongs.

## CONCLUSION

Accordingly, the Court **DENIES** Cloud 9's motion to set aside default judgment (Doc. 32) under Rule 60(b).

**IT IS SO ORDERED.**

**DATED: September 25, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**